## R. & A. HECKSCHER & CO. v. AMER. T. & I. CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Argued June 2, 1890—Decided October 6, 1890.
[To be reported.]

(*a*) An affidavit of defence in a suit to recover $3,841.87, as the price of iron sold, did not deny the right of the plaintiffs to sue in their own name, but averred that the iron was purchased by the defendant from the manufacturers, for the sale of whose iron the plaintiffs were the sole agents;

(*b*) That on a certain date the plaintiffs' principals, " being then indebted in the sum of $3,841.87 to the defendant," assigned the claim in suit to the defendant by a written transfer, set out in the affidavit, of which assignment the plaintiffs were then and there notified by presentation; whereby said claim was paid by the defendant.

(*c*) The transfer referred to was in the form of an order addressed to the plaintiffs, directing them to pay to the defendant, on demand, $3,841.87, out of funds in their hands, or to come into their hands, from iron sold or to be sold to the defendant, " after paying hands in accordance with our agreement," for value received:

1. As the affidavit did not allege an acceptance of the order by the

plaintiffs, the defendant acquired by it no other right to the fund mentioned than the drawers had, and that right, as defined in the order, extended only to the balance remaining after payment of hands in accordance with the previous agreement.

2. Wherefore, as the existence of such a balance could not be assumed, it was essential that this be averred in the affidavit; not averring it, and therefore not showing title to an existing fund applicable by the law in payment of the plaintiffs' demand, the affidavit of defence was insufficient to prevent judgment.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 3 May Term 1890, Sup. Ct.; court below, No. 353 June Term 1889, C. P.

On April 13, 1889, Austin S. Heckscher and Richard P. Heckscher, doing business as R. & A. Heckscher & Co., brought assumpsit against the American Tube & Iron Company, filing a statement of claim, verified by affidavit, charging that the defendant was indebted to the plaintiff in the sum of $3,841.87, with interest thereon from March 27, 1889, said sum being the unpaid balance upon a book-account for skelp-iron sold and delivered to the defendant, a copy of which account was annexed to the statement of claim as a part thereof. The copy of the account annexed exhibited various sales of iron to the defendant, at different dates between November 2, and November 28, 1888, aggregating $29,202.22, and gave credit, as of date January 25, 1889, for three notes for $8,453.45 each, and exhibited a balance due of $3,841.87.

The defendant filed an affidavit of defence, made by A. S. Matherson, its general superintendent, which, as afterwards amended by a supplemental affidavit, set forth the nature and character of the defence as follows:

" The iron specified in the claim of the plaintiff, as filed in this suit, was purchased by the defendant from a firm named Cooper, Reynolds & Co., then operating the Lochiel Rolling Mills, near the city of Harrisburg, and of which firm the plaintiff was sole agent for the sale of skelp-iron manufactured by them; and that said plaintiff, in payment for said iron, accepted sundry drafts drawn by said defendant to the order of said Cooper, Reynolds & Co. for the aggregate amount of $25,360.35; and the said Cooper, Reynolds & Co. on the 26th day of November,

1888, being then indebted in the sum of $3,841.87 to the defendant, assigned and transferred to said defendant, $3,841.87, the residue of the total price of said iron, as per transfer of that date a copy of which is as follows:

"'HARRISBURG, Nov. 26, 1888.

"'On demand, pay to American Tube & Iron Company, or order, three thousand eight hundred and forty-one eighty-seven one-hundredths dollars out of the funds now in your hands, or hereafter to come into your hands, from iron sold, or hereafter to be sold, to the American Tube & Iron Company, after paying hands in accordance with our agreement. Value received, and charge to account of

"'COOPER, REYNOLDS & CO.

"'To R. & A. Heckscher & Co., 238 South 3d Street, Philadelphia, Pa.'"

"Whereby the whole price of said iron, including the claim now in suit, was paid by said defendant, of which assignment the said plaintiff was then and there notified, by presentation thereof to him."

A rule for judgment for want of a sufficient affidavit of defence, after argument was made absolute by the court, McPHERSON, J., in an opinion, which, after stating the defence set up by the defendant's affidavit, proceeded as follows:

The defence, however, is incomplete. It does not aver that the plaintiffs had any fund in their hands upon which Cooper, Reynolds & Co. had a right to draw, or which they could assign; neither does it aver that any such funds came into the plaintiffs' hands after November 26th. We are left to infer, what is not denied to be the fact, that the fund referred to was simply the balance due by the defendant upon the account now in suit, and that the transaction was a circuitous attempt to give the defendant a receipt in full. Drawing this inference, however, and assuming that Cooper, Reynolds & Co. had some control over this balance, their own draft shows that another claim than the defendant's was to be first paid; "after paying hands in accordance with our agreement." But, what this agreement was which is thus made part of the transaction; how far it was carried out; how much was paid to the hands, and how much, if any, was then left of the so-called fund, we

are not informed, although these matters are evidently necessary to the defence. In brief, if the fund drawn upon or assigned belonged to the plaintiffs, Cooper, Reynolds & Co. could not apply it to their own debt; and, if it belonged to the latter to any extent, as we assume it did, they themselves directed it to be first applied to pay the hands, and there is no averment that it was not needed and used for that purpose. It seems plain to us, that the affidavits fail to state the whole transaction, and fail to aver that there was any fund upon which the draft or assignment could take effect.

We direct judgment to be entered for want of a sufficient affidavit of defence, the amount to be liquidated by the prothonotary.

—Judgment having been entered, the defendant took this appeal, specifying that the court erred:

1. In entering judgment for want of a sufficient affidavit of defence.

*Mr. L. W. Hall* (with him *Mr. L. J. Wolfe* and *Mr. Francis Jordan*), for the appellant:

1. All the allegations in the affidavit of defence, and the inferences deducible therefrom, are to be taken as absolute verity. The iron being the property of Cooper, Reynolds & Co., they had the right to direct their agents to apply the money as they desired, and the fact that they gave the order indicates clearly that they intended the defendant company to retain the amount it owed. The order was an assignment of so much money as is specified therein, and was complete. The assignors retained no control of the fund. The order was drawn on a particular fund, and contained no power of revocation. Such an order is a valid assignment in equity: Christmas v. Russell, 14 Wall. 84; Trist v. Child, 21 Wall. 447. The fundholder is bound from the time of notice: Rodgers v. Hosack, 18 Wend. 334. Assignments of parts of a fund have been recognized in Pennsylvania: Caldwell v. Hartupee, 70 Pa. 74; Greenfield's Est., 24 Pa. 240.

2. Besides this, the conceded facts show clearly that the defendant was entitled to a set-off for the amount in dispute. The fact that the iron was sold by the agents of the owners, can make no difference on this point, and cannot deprive the de-

Arguments.

fendant of the statutory right of set-off.  Cooper, Reynolds & Co. were the owners of the iron, and they were indebted to the defendant in the amount of its price.  Even if the order was invalid, the defendant can set off that indebtedness against the price of the iron.  Confessedly, the defendant had an honest and bona fide claim against them, equal to the whole amount sued for and due at the time the action was brought, and Cooper, Reynolds & Co., were insolvent.  It would be a great wrong to the defendant, and a palpable violation of both the letter and the spirit of our defalcation laws, so to administer the affidavit of defence law as to allow a recovery in this action.

*Mr. M. E. Olmsted* (with him *Mr. Robert Snodgrass*), for the appellees:

1. There is no doubt that there may be a valid assignment of a specified fund or part of a fund, but an affidavit of defence must show, not only an attempted assignment, but also that there was a fund subject to assignment, and its amount.  The defence that the claim in suit was paid by the attempted assignment by a third party of a fund which is not shown, nor even alleged to have existed, is insufficient in law.  The affidavit does not deny that the defendant owes the plaintiffs the amount sued for.  Nor, is the affidavit sufficient to make out a defence of set-off.  There is no averment of indebtedness after November 26, 1888, nor are the particulars of the alleged indebtedness disclosed, which must be done: Endlich on Aff. of Def., § 515; Bryar v. Harrison, 37 Pa. 233; Louchheim v. Becker, 3 W. N. 449; McCracken v. First R. P. Church, 111 Pa. 106.

2. Not every debt is available as a set-off; for example: the consideration of a parol contract within the statute of frauds: Sennett v. Johnson, 9 Pa. 335; a debt for which a suit is pending, on appeal from arbitrators by the party offering the set-off: Good v. Good, 5 W. 116; a judgment which has been opened: Bare v. Hertzler, 16 Leg. Int. 108; a debt not due when the suit was brought: Morrison v. Moreland, 15 S. & R. 61; or a debt barred by limitation: Taylor v. Gould, 57 Pa. 152.  The affidavit should allege that the debt proposed to be set off was unpaid: Smyth v. Armstrong, 2 W. N. 383.  The alleged indebtedness of Cooper, Reynolds & Co. is not sufficiently set

forth to be available in a suit to which that firm is a party, and certainly cannot avail as a defence to a suit in which it is in no way interested. What the defendant is really trying to set off is a supposed indebtedness from the plaintiffs to Cooper, Reynolds & Co., which is not specifically averred.

OPINION, MR. JUSTICE WILLIAMS:

This judgment was entered in the court below for want of a sufficient affidavit of defence. The question presented in this appeal is therefore whether the affidavit stated a good defence to the plaintiffs' demand. That demand was set out in a formal statement, which alleged that the plaintiffs had sold and delivered to the defendant, from the 2d to the 28th of November, 1888, skelp-iron amounting to $29,202.22; that they had received on January 25, 1889, notes to apply on account for $25,360.35; and that there was still due the sum of $3,841.87, for which a recovery was sought in this action.

The original and supplemental affidavits, taken together, state the following facts as the defence of the American Tube & Iron Co. to the plaintiffs' claim; (a) That the iron was bought from Cooper, Reynolds & Co., who manufactured it. (b) That the plaintiffs were the sole agents of Cooper, Reynolds & Co. for the sale of the iron. (c) That Cooper, Reynolds & Co. were on November 26, 1888, indebted to the defendant in the sum of $3,841.87, and in consideration thereof made and delivered to the defendant an order for, or an assignment of, so much of the proceeds of the iron sold by plaintiffs to defendant, in the following form:

"On demand, pay to American Tube & Iron Company, or order, three thousand eight hundred and forty-one eighty-seven one-hundredths dollars out of the funds now in your hands, or hereafter to come into your hands, from iron sold, or hereafter to be sold, to the American Tube & Iron Company, after paying hands in accordance with our agreement. Value received, and charge to the account of          "COOPER REYNOLDS & CO.

"To R. & A. Heckscher & Co., 238 South 3d St., Phila., Pa."
(d) That Heckscher & Co. had notice of the order of assignment by its presentation to them at its date.

It will be noticed that the plaintiffs' right to sue in their own

Opinion of the Court.

name for the price of the iron is not denied. The defence is that they have been paid in full. The manner of the payment is by the order or assignment of Cooper, Reynolds & Co., on the plaintiffs. If the order or assignment amounts to payment of the balance due, then the affidavit is good, and the judgment was erroneously entered; but if the transfer does not operate to extinguish the demand, the court below was right.

The affidavit does not allege that the plaintiffs accepted the order of Cooper, Reynolds & Co. The defendant had therefore no other right to the fund than Cooper, Reynolds & Co. had. What right had they? We must turn to the order or assignment for an answer to this question. From that we learn that there was a previous agreement between these parties, by the terms of which Heckscher & Co. were to pay the hands of Cooper, Reynolds & Co., out of the proceeds of sales of iron made by them. We learn also that the fund drawn upon or assigned is not the proceeds of the iron generally, but the balance of such funds remaining in the hands of Heckscher & Co. after the payment of the hands in accordance with the agreement. If there was no such balance, there was no fund on which the assignment could be operative, and the plaintiffs had a right to disregard it. If there was such a fund in the hands of Heckscher & Co., that fact should have been set out in the affidavit of defence. With such an averment, the affidavit would have been sufficient, but, without it, it is wanting at the vital point. It shows a title to the fund if the fund exists. If Heckscher & Co. have, after the payment of the hands in accordance with the previous agreement, a balance subject to the order or assignment of Cooper, Reynolds & Co., that balance passed to the defendant, and the law will apply it in payment of the plaintiffs' demand. But the existence of such balance cannot be assumed. It must be averred in the affidavit of defence. The affidavit alleged the assignment of a particular fund, if in the hands of the plaintiffs, but did not allege that such fund existed, or that it was in the hands of the plaintiffs when this suit was brought. We think the court below was right in the view taken of the affidavit in this case, and

The judgment is affirmed.

On January 19, 1891, motion for a re-argument refused.